RONALD SCHWARTZ ET AL. *v.* REGINALD
STEVENSON ET AL.
(13292)

O'CONNELL, FOTI and HEIMAN, Js.

Argued January 4—decision released April 25, 1995

*Michael F. O'Connor,* with whom, on the brief, was *Carl E. Cella,* for the appellant (third party defendant).

*Donald McPartland,* for the appellees (third party plaintiffs).

FOTI, J. The third party defendant, American States Insurance Company (American), appeals from the summary judgment[1] rendered in favor of the third party plaintiffs, Ross Stevenson and Virginia Stevenson, and from the denial of its motion for summary judgment.

The plaintiff, Ronald Schwartz, a minor suing through his father, Philip Schwartz, and Philip Schwartz, individually, filed a two count complaint against the defendants, Reginald Stevenson, a minor, and his parents, Ross Stevenson and Virginia Stevenson. The complaint alleges that on May 26, 1990, Ronald Schwartz, then age sixteen, was a passenger in the rear of a Honda Trailblazer operated by fourteen year old Reginald Stevenson. The allegations are that Ronald sustained injuries and damages as a result of Reginald's negligent operation of that vehicle, and because of the negligence of the parents in entrusting a dangerous instrumentality to their minor son. The

---

[1] A summary judgment rendered only on the issue of liability, without an award of damages, is usually not a final judgment from which an appeal lies. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985). Here, we interpret the trial court's decision as being limited to American's duty to defend; the rights of the parties, as to the third party's duty to defend, are concluded and further proceedings cannot affect them. See *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). The contractual duty to defend exists regardless of the duty of the insurer to indemnify. *Keithan* v. *Massachusetts Bonding & Ins. Co.,* 159 Conn. 128, 138, 267 A.2d 660 (1970).

Stevensons' motion to implead American as a third party defendant was granted. American is the insurance carrier that issued a homeowner's policy to the Stevensons. The third party complaint alleges that American breached its contract of insurance by refusing to comply with its duty to defend the defendants in the underlying action. American opposed the third party plaintiffs' motion for summary judgment and, further, moved for summary judgment as to liability on the third party complaint.

Both parties claimed that there was no genuine issue of any material fact, and each claimed judgment as a matter of law. American claimed that it was entitled to summary judgment on the issue of liability. It argued that the insurance policy that it issued to the Stevensons covers injuries incurred only as a result of the operation of a motorized land conveyance that is not owned by the insured.[2] It noted that the original complaint contained no allegation as to the ownership of the Honda Trailblazer. American argued that unless and until the original plaintiffs allege that the vehicle operated by Reginald Stevenson was not owned by any of the defendant insureds, they have not stated a claim for an injury covered by the policy. In denying American's motion for summary judgment, the court rejected American's argument stating that "if adopted, [it]

---

[2] The policy in question contains the following exclusion:

"1. Coverage E–Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage . . .

"e. arising out of:

"(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;

"(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person . . . .

"This exclusion shall not apply to . . .

"(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:

"(a) not owned by an insured . . . ."

would place the court in the untenable position of assuming something *not* in the pleadings to the detriment of the parties." (Emphasis in original.)

The standard of our review of the granting of a motion for summary judgment is well established. Summary judgment "shall be rendered . . . if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. *Real Estate Auctions, Inc.* v. *Senie*, 28 Conn. App. 563, 567, 611 A.2d 452 (1992).

The determination of the question whether American has a duty to defend the original action brought by the Schwartzes against the Stevensons depends on whether the complaint in that action stated facts that appear to bring the plaintiffs' claims of damages within the policy coverage. *Schurgast* v. *Schumann*, 156 Conn. 471, 489, 242 A.2d 695 (1968); *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967). "[T]he duty to defend means 'that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury "covered" by the policy; it is the claim which determines the insurer's duty to defend . . . .' " *Keithan* v. *Massachusetts Bonding & Ins. Co.*, 159 Conn. 128, 139, 267 A.2d 660 (1970), quoting *Lee* v. *Aetna Casualty & Surety Co.*, 178 F.2d 750, 751 (2d Cir. 1949); see also *Alderman* v. *Hanover Ins. Group*, 169 Conn. 603, 610, 363 A.2d 1102 (1975). "[A] duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." *LaBonte* v. *Federal Mutual Ins. Co.*, 159 Conn. 252, 255, 268 A.2d 663 (1970).

The matter before the trial court was one dealing with the insurer's duty to defend where the sole issue

was whether the policy "covered" the injury in dispute. See *Smedley Co.* v. *Employers Mutual Liability Ins. Co. of Wisconsin*, 143 Conn. 510, 516, 123 A.2d 755 (1956). "Thus, if the plaintiffs, in their original suit . . . stated a claim which is for an injury 'covered' by the policy, there would be no question of [American's] duty to defend the action." *Tiedemann* v. *Nationwide Mutual Fire Ins. Co.*, 164 Conn. 439, 444, 324 A.2d 263 (1973). Here, the third party defendant argues that unless the original complaint is sufficient to demonstrate, by allegation, that the vehicle is not owned by an insured, it does not plead into the policy and, therefore, there is no duty to defend. American also argues that no duty to defend arises from a complaint that is "neutral," or from one that alleges an injury that "may" be within the policy coverage. We do not agree.

Whether the third party defendant has a duty to defend the original action "depends on whether the complaint in that action stated facts which *appeared* to bring [the plaintiff's] claimed injury within the policy coverage." (Emphasis added.) *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, supra, 155 Conn. 110. "If an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured. *Lee* v. *Aetna Casualty & Surety Co.*, 178 F.2d 750 ([2d Cir.] 1949) (Hand, J.) . . . ." (Emphasis in original.) *West Haven* v. *Liberty Mutual Ins. Co.*, 639 F. Sup. 1012 (D. Conn. 1986), citing *Schurgast* v. *Schumann*, supra, 156 Conn. 489, and *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, supra, 110; see also *West Haven* v. *Commercial Union Ins. Co.*, 894 F.2d 540, 544 (2d Cir. 1990). The appropriate test, as applied by the trial court, is whether the allegations of the complaint fairly state facts that appear to bring the injury complained of within the coverage. We agree with the trial court

that the complaint states facts that appear to bring the injury complained of within the coverage.

We also conclude that the original complaint need not allege a negative, that is, that the vehicle was not owned by an insured. A complaint need not negate each and every exclusion within a policy in order to trigger a contractual obligation to defend. It is the allegations on the face of the complaint that govern the duty to defend. While the meaning of the exclusionary clause in the present policy is clear and unambiguous, its existence per se does not relieve an insurer's duty to defend when an underlying complaint facially alleges facts that appear to bring the claimed injury within the policy coverage. *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 646 A.2d 806 (1994); *Schurgast* v. *Schumann*, supra, 156 Conn. 471.

We conclude that the trial court properly granted the third party plaintiffs' motion for summary judgment as to American's duty to defend.

The judgment is affirmed.

In this opinion the other judges concurred.