[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case, plaintiff Nadalia Cole, on her own behalf and that of her minor son, Jacquan Ricks, has sued her landlord, defendant East Hartford Estates Limited Partnership ("EHELP")[1], to recover money damages for certain serious physical injuries[2] they claim to have suffered on January 14, 1993, when they inhaled smoke and fumes from a defective furnace in the basement of their East Hartford Estates apartment unit. The plaintiff claims that the furnace emitted the injurious smoke and fumes because the defendant, through its agents, servants and/or employees, negligently serviced and maintained it in the relevant time frame.
After it was served with the plaintiff's Complaint, the defendant moved this Court to implead the United States Fidelity Guaranty Company ("USF G") as a third-party defendant in this case. Upon the granting of its motion to implead, the defendant served USF G with a Third-Party Complaint ("TPC"), in which it alleged: (I) that at the time of the incident in question, EHELP maintained liability insurance for the plaintiff's apartment complex with USF G; T.P.C., Count I ¶ 2; (2) that by the time of said incident, it had paid the premium charged for said policy and performed all of the obligations imposed on it thereunder; T.P.C., Count I ¶ 3; (3) that the insurance policy provides coverage for the injuries here complained of and obligates USF G to provide it a defense to this action; T.P.C., Count I ¶ 14; Count II ¶ 7; and (4) that notwithstanding its rights and USF G's duties under the above-described insurance policy, USF G has denied liability for the plaintiff's injuries and refused to provide it a defense herein. T.P.C., Count I ¶ 5; Count II ¶ 7. CT Page 4361
USF G answered the Third-Party Complaint by denying that the defendant's paid up insurance policy covers the plaintiff's injuries or obligates it to defend the defendant in this action, admitting that it has denied coverage under the policy and refused to provide the defendant with a defense herein, and interposing nineteen special defenses to defeat or diminish the defendant's claims against it. Among its special defenses are the following:
By Way of Fourth Special Defense:
 Third-Party Plaintiffs' claims are barred or limited because Third-Party Plaintiffs seek coverage for liability arising out of the actual, alleged or threatened discharge, dispersal release or escape of pollutants — which is defined as, inter alia, any gaseous irritant or contaminant, including smoke, vapor, or fumes — at or from premises owned by the Third-Party Plaintiffs [; and]
 By Way of Fifth Special Defense:
 Any insurance contracts between the Third-Party Plaintiffs and USF G contain pollution exclusions, which preclude the Third-Party Plaintiffs' coverage claim.
Answer and Special Defenses to Third-Party Complaint, p. 3.
USF G now moves this Court for summary judgment on the Third-Party Complaint, claiming that there is no genuine issue of material fact that the defendant's insurance policy does not provide coverage, by way of defense or indemnity, for the occurrence and injuries here complained of. It claims that it owes the defendant no duty of defense or indemnity because the plaintiffs injuries, as described in her Complaint, are indisputably excluded from coverage under the pollution exclusion[3] of the subject insurance policy.
The defendant opposes USF G's motion, contending, interalia, that the allegations of the plaintiff's Complaint do not address, and thus do not preclude, the genuine possibility that the release of smoke and fumes which injured the plaintiff CT Page 4362 and her son resulted from a "hostile fire," for which the insurance policy makes an exception to the pollution exclusion.[4] Claiming that the burden of proving the applicability of the pollution exclusion falls squarely upon the insurer, and that that burden cannot be met without proof that no exception to the exclusion is applicable, the defendant argues that this motion must be denied because USF G cannot show, on this record, that the hostile file exception to the pollution exclusion does not apply.
Both parties to this Motion have supported their positions with memoranda of law, affidavits and true copies of the defendant's USF G insurance policy.
I.
To prevail on a motion for summary judgment, the moving party must persuade the Court that there is no genuine issue as to any material fact, and thus that it is entitled to judgment as a matter of law. Lees v. Middlesex Insurance Co., 219 Conn. 644,650 (1991). In deciding such a motion, the Court's sole task is to determine whether genuine issues of material fact exist, not to resolve those issues on the merits. Only if the evidence and other materials which are submitted with the motion leave no genuine doubt that one or more facts material to the outcome of the case have been established should summary judgment be ordered. The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . ."; Strada v.Connecticut Newspapers, Inc., 193 Conn. 317 (1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Batick v. Seymour, 186 Conn. 632 (1988).
II.
An insurer's duty to defend its insured under a policy of liability insurance is broader than its duty to indemnity him under that policy. A duty of indemnity is owed to the insured for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy exclusion. The existence of such a duty depends upon the true state of facts surrounding the loss or injury, as disclosed by a full investigation of those facts.
The duty to defend, by contrast, does not depend on whether CT Page 4363 the injured party will prevail against the insured, and thus is not affected by facts disclosed by independent investigation, including those that undermine or contradict the injured party's claim.
Instead, it has been held to arise whenever "the injured party states a claim, which, qua claim, is for an injury `covered' by the policy; it is the claim which determines the insurer's duty to defend." Ceramic Tiles of Fairfield, Inc. v.Aetna Casualty Surety Co., 39 Conn. Sup. 477, 480 (quoting Leev. Aetna Casualty Surety Co., 178 F.2d 750, 751 (2d Cir. 1949)). Under this rule, "If any allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." City of West Haven v. LibertyMutual Insurance Co., 639 F. Sup. 1012, 1017 (D. Conn. 1986).
As with the duty to indemnify, the insured bears the burden of proving the duty to defend. To meet that burden, he must show that at least one allegation of the plaintiff's Complaint "[f]alls even possibly within the coverage" of the insurance policy. Id. Consistently, however, with the allocation of burdens of proof on the duty to indemnify, he need not establish, to meet his burden, that potential exclusions to coverage do not apply. Instead, the burden of proving that the insured is not entitled to a defense because of the applicability of a policy exclusion falls directly on the insurer, which can only prevail on such a claim if the allegations of the complaint conclusively establish that the exclusion applies.
The operation of this rule is well illustrated by the recent case of Schwartz v. Stevenson, 37 Conn. App. 581 (1985). There, the Appellate Court rejected an insurer's argument that its insured was not entitled to a defense because the complaint in the action against him did not affirmatively establish the inapplicability of a policy exclusion to the injured party's claims. The insurer had argued that since the policy in question excluded coverage for liability resulting from accidents with owned vehicles, but the injured party's complaint alleged no facts as to the ownership of the vehicle involved in the accident at issue, the complaint had made no claim triggering the insurer's duty to defend. Id., 583. The Court disagreed, stating that, "A complaint need not negate each and every exclusion within a policy in order to trigger a contractual obligation to defend." Id., 586. It therefore concluded that, "While the meaning of the exclusions clause in the present policy is clear and unambiguous, it existence per se does not relieve an insurer's duty to defend when an underlying complaint facially CT Page 4364 alleges facts that appear to bring the claimed injury within the policy coverage." Id.
Under Schwartz, an insurer cannot reject an insured's claim for a defense merely because the allegations of the injured party's complaint make possible, or even probable, the applicability of a policy exclusion. Unless the allegations of the underlying complaint fall so clearly within a policy exclusion as to eliminate any possibility of coverage, the insurer must provide a defense to its insured.
III.
The parties accept, as they must, the foregoing analysis. They thus agree that to prevail on his claim for a defense, the insured must show that the underlying complaint alleges an injury which is within the scope of policy coverage, but that once he meets that burden, the burden shifts to the insurer to prove that an exclusion to coverage applies. See Firestine v. Poverman,388 F. Sup. 948, 951 (D. Conn. 1975). See also Couch on Insurance 2d (Rev. ed.) § 79:384.
They disagree, however, as to which party bears the burden of pleading and proving an exception to an exclusion, where the applicability of the exclusion is otherwise established by the allegations of the complaint. The defendant policyholder contends that that burden must be borne by the insurer, for to do otherwise would risk denying a defense for a covered injury merely because the injured party's Complaint leaves out facts highly relevant to insurance coverage but irrelevant to his claim. The insurer, claims the defendant, should be made to disprove all potential exceptions to an otherwise applicable policy exclusion in order to vindicate the most fundamental rule governing claims of this type: that a defense should be provided whenever the claim of the injured party "falls even possibly within the coverage" of the insured's insurance policy. City ofWest Haven v. Liberty Mutual Insurance Co., supra, 1017.
USF G disagrees with the defendant's argument, claiming that since the benefit of an exception to an exclusion flows to the insured, and the insurer can otherwise establish the applicability of the exclusion, the burden of pleading and proving the exception must fall on the insured.
The Court has found no Connecticut case law on this question, CT Page 4365 though it has learned of two recent federal decisions in which courts attempting to apply Connecticut law have concluded that the Connecticut Supreme Court would assign the burden of disproving an exception to an exclusion to the insurer. RemingtonArms Co. v. Liberty Mutual Insurance Co., 810 F. Sup. 1406, 1413
n. 2 (D. Del. 1992); EDO Corp. v. Neward Insurance Co.,878 F. Sup. 366 (D. Conn. 1995).
In reaching this result, both the Remington Arms and EDO
Courts concluded that an exception to an exclusion is merely a part of the exclusion, and thus a matter as to which the burden of proof has traditionally been assigned to the insurer. TheRemington Arms Court thus observed, in a case where the underlying complaint did not make clear whether the "sudden and accidental" exception to the pollution exclusion applied, that
 An exception to an exclusion is merely part of the exclusion and does not warrant a shifting of the burden of proof to the insured. Furthermore, an exception to an exclusion is not tantamount to a condition precedent because the insured has already established that its conduct comes within the ambit of the policy and therefore, its right to coverage has accrued.
Id., 1413 n. 2. So stating, the Court denied the insurer's motion for summary judgment, which had been based on the claimed applicability of the pollution exclusion of the subject insurance policy. It reasoned that there remained a genuine issue of material fact as to the applicability of the exclusion because the complaint failed to describe the way in which the pollution had occurred, and thus failed to eliminate the possibility that it had occurred in such a way as to bring it within the sudden and accidental exception to the exclusion. Id., 1416-17.
Similarly, in EDO, the District Court concluded that Connecticut, like New York and many other American jurisdictions which have decided this issue,[5] would treat the sudden and accidental exception to the pollution exclusion as part of the exclusion itself, and thus assign the burden of disproving it to the insurer. EDO, supra.
This Court agrees that the fairest, most logical way to treat an exception to an exclusion is to assign the burden of disproving it to the insurer, as part and parcel of its overall CT Page 4366 burden of demonstrating the applicability of the exclusion to the insured's claim. This conclusion is consistent with Connecticut's strong presumption in favor of insurance coverage, including, particularly, the right of policyholders to the defense of claims which "fall even possibly within the coverage" of their insurance policies. Because an injured party's complaint against a policyholder may assert facts concerning the applicability of an exclusion without stating facts showing the applicability of an exception to that exclusion, the denial of a defense based solely upon the text of the silent complaint would deprive the insured of a right he paid for under his insurance policy. Such a course cannot be tolerated.
IV.
Applying the rule derived above to the facts of this case, the conclusion is unavoidable that USF G's Motion for Summary Judgment must be denied. To begin with, plaintiff Cole's underlying complaint against EHELP describes bodily injury of the sort that falls within the scope of policy coverage. EHELP is thus entitled to a defense of this action unless the remaining allegations of the complaint conclusively establish that those injuries are removed from coverage by a policy exclusion.
The exclusion here claimed to be applicable is the pollution exclusion, which is set forth in relevant part, in footnote 3, supra at 3. Because the cause of the plaintiff's alleged injuries is clearly the escape or release of soot, vapor or fumes, her injuries may well be excluded from coverage under EHELP's insurance policy.
However, the mere probability that the injuries in question are excluded from coverage under the pollution exclusion cannot defeat the defendant's right to a defense if the plaintiff's complaint leaves open the possibility that coverage exists. That possibility may result either from the inclusion in the underlying complaint of facts that raise doubts as to the applicability of the exclusion or from the failure of the underlying complaint to make clear whether or not the exclusion applies. Here, where the exclusion claimed to defeat coverage contains an exception, the continuing possibility of coverage, and thus the right to a defense, may be based on the failure of the complaint to conclusively establish the inapplicability of that exception. CT Page 4367
The hostile fire exception, to reiterate, provides as follows:
 Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.
 As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.
Insurance Policy, p. 2.
An examination of the plaintiff's complaint sheds no meaningful light on the question whether the smoke and fumes which caused the plaintiff's injuries were caused by a hostile fire. The Court therefore concludes that since there is a genuine possibility that the plaintiff's pending claims are covered by EHELP's USF G insurance policy, USF G's motion for summary judgment must be denied.
SHELDON, J.