[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTS AND PROCEDURAL HISTORY
This case arises out of an underlying action filed in federal court against the defendants, the state police commissioner, and individual state troopers, who allegedly engaged in illegal acts of wiretapping. The defendants, the State of Connecticut (State), and the state police, filed a claim with the plaintiff, Imperial CT Page 5261-SSSS Casualty Indemnity Co. (Imperial), the State's professional liability insurer, requesting a declaratory judgment that Imperial defend the defendants in the underlying action which was filed in federal court against the defendant police officers.
The parties have filed jointly-stipulated facts for purposes of the claim for a declaratory judgment. They are as follows: On July 30, 1984, Imperial issued a Law Enforcement Professional Liability Insurance Policy to the State, for the period of July 30, 1984 to July 30, 1986. On July 30, 1986, Imperial issued a second Law Enforcement Professional Liability Insurance Policy to the State which was renewed for the following two years, expiring on July 30, 1989.
During the time period of November 1989 through June 1990, ten lawsuits involving allegations of wiretapping were filed in the United States District Court for the District of Connecticut against the state police officers. Each of these federal lawsuits alleges that members of the Connecticut State Police Department engaged in violations of federal penal statutes, including the antiwiretapping provisions of the Omnibus Crime Control Act of 1968, 18 U.S.C. § 2510-2520.
The ten federal court lawsuits, which are currently pending, are the subjects of the first ten counts of Imperial's complaint. The eleventh count alleges that, in the event the court finds a duty to defend the State in those federal lawsuits that allege acts committed in the 1986-1989 policy period, a deductible applies to each incident of misconduct.
Imperial moved for summary judgment, claiming that it did not have a duty to pay for the defense of any of the federal lawsuits. On March 10, 1993 the court, Wagner, J., issued a ruling on Imperial's motion. See Imperial Casualty IndemnityCo. v. State of Connecticut, 8 Conn. L. Rptr. 476 (March 10, 1993, Wagner, J.). The court held that Imperial did not have a duty to defend any claims of intentional wiretapping alleged to have occurred during the 1986-1989 policy period. Id., 477. In doing so, the court reasoned that "[e]ach of the nine federal court lawsuits alleging acts committed during the 1986-1989 policy allege damages from intentional acts. Because the 1986-1989 policy covers only "occurrences," defined as "accidents," the policy does not cover damages from intentional acts. Giving the language used [in] its ordinary and natural meaning, we conclude that Imperial has no duty to defend under the 1986-1989 CT Page 5261-TTTT policy and plaintiff's motion for summary judgment should be granted as to counts three through ten." Id.
The court further articulated that "[i]n the eleventh count of the complaint, Imperial alleges that if it is held to have a duty to defend those federal court lawsuits alleging acts committed during the 1986-1989 policy, any liability under that policy is subject to a deductible for each claim. Since we have concluded that Imperial has no duty to defend under the 1986-1989 policy, plaintiff's motion for summary judgment on this count [count eleven] should be granted. Id., 478. Finally, the court concluded that "Imperial does have a duty to defend the Weinberg lawsuit and those acts in the Connecticut Criminal Defense Lawyers lawsuit alleged to have occurred during the 1984-1986 policy period." Id. Since counts one and two contain allegations of Imperial's duty to defend under the 1984-1986 policy period, the court held that "[p]laintiff's motion for summary judgment must be denied as to counts one and two of Imperial's complaint."Id.
Although the parties have briefed and argued the legal issues which are the subject of counts three through ten, this court finds that a decision by this court on those counts would be improper inasmuch as summary judgment is a final judgment on the merits. Although Connecticut case law suggests that even where summary judgment has been granted on certain counts in a complaint, counterclaim, etc., the case is not necessarily appealable until all counts are resolved at the trial level, this does not change the fact that summary judgment as to the other counts is a final judgment. See Paranteau v. DeVita, 208 Conn. 515,544 A.2d 634 (1988); see also Connecticut Bank Trust Co.v. Winters, 225 Conn. 146, 622 A.2d 536 (1993) and Balf Co. v.Spera Construction Co., 222 Conn. 211, 608 A.2d 682 (1993).
Left for this court's consideration are counts one and two, because no definitive ruling has been made as to those counts. It should be noted, however, that as to counts one and two Judge Wagner has discussed the issue of coverage and has opined that the defendants have a duty to defend under the 1984-1986 policies. This court has reviewed the briefs and appropriate case law and has concluded that it concurs with Judge Wagner's opinion.
Coverage Under the 1984-1986 Policy
CT Page 5261-UUUU
Imperial argues that the 1984-1986 policy only provides coverage for personal injuries caused by wrongful acts committed in the "regular course of duty" by the insured and that the allegations of wiretapping were not committed in the "regular course of duty." Therefore, Imperial argues that acts alleged to have occurred within the 1984-1986 policy period are not covered.
As previously stated, in the earlier decision on the plaintiff's motion for summary judgment, the court, Wagner, J., denied Imperial's motion as to counts one and two, which involve the Weinberg and Connecticut Criminal Defense Lawyers lawsuits, respectively. Imperial Casualty Indemnity Co. v. State, supra,8 Conn. L. Rptr. 477. In doing so, the court compared the language "in the regular course of duty" in the criminal context with that identical language as found in Imperial's 1984-1986 insurance policy. Judge Wagner reasoned that "a police officer may be reasonably fulfilling the duties of employment despite the fact that the activity is an illegal one." Id. 478. The court further reasoned that "[i]t would appear that the policy contemplates illegal activities as being in the course of duty by including such acts as assault and battery in the definition of personal injury." Id.
The 1984-1986 policy provides:
 The Company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as civil damages because of wrongful acts arising out of Law Enforcement activities, as follows:
Coverage A — Personal Injury
Coverage B — Bodily Injury
Coverage C — Property Damage
 Coverage D — Punitive Damages (Where Permitted by Law)
 to which this policy applies and the Company shall have the right and duty to defend any claim or suit against the Insured seeking damages on account of such wrongful acts . . . CT Page 5261-VVVV
(1984-1986 policy, p. 1)
The 1984-1986 policy defines personal injury as follows:
 false arrest, erroneous service of papers, false imprisonment, malicious prosecution, assault and battery, libel, slander, defamation of character, discrimination, mental anguish, wrongful entry or eviction, violation of property or deprivation of any rights, privileges or immunities secured by Constitution and Laws of the United States of America or the State for which the Named Insured may be held liable to the party injured in any action at law, suit in equity, or other proper proceedings for redress. However, no act shall be deemed to be or result in personal injury unless committed in the regular course of duty by the Insured.
1984-1986 policy, p. 2.) Additionally, a wrongful act is defined as "actual or alleged error, misstatement or misleading statement, omission, neglect or breach of duty by the Insured . . . collectively, while acting or failing to act within the scope of his employment or official duties pertaining to the law enforcement functions of the insured." Id.
In ruling on the motion for summary judgment, Judge Wagner did not determine whether the allegations in the underlying Weinberg and Connecticut Criminal Defense Lawyers lawsuits constitute a wrongful act as that term is defined in the 1984-1986 policy. Instead, the court focused on the language "in the regular course of duty," found such language ambiguous, and ruled that Imperial should provide coverage in the Weinberg and Connecticut Criminal Defense Lawyers lawsuits.
"[T]he duty to defend means `that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury `covered' by the policy; it is the claim whichdetermines the insurer's duty to defend.'" (Citations omitted; emphasis added.) Schwartz v. Stevenson, 37 Conn. App. 581, 584, (1995). A duty to defend an insured arises if the complaint CT Page 5261-WWWW states a cause of action which appears on its face to be within the terms of the policy coverage. Id.
Against this background, this court need not wait until after the fact-finding phase or the conclusion of the under- lying federal lawsuits to determine whether Imperial has a duty to defend the defendants. Rather, this court can make a determination of Imperial's duty to defend, if any, by simply looking at the allegations in the underlying federal complaints and deciding whether coverage is provided in the 1984-86 and 1986-89 insurance policies.
Whether Imperial has a duty to defend the underlying federal lawsuits depends on whether the complaints in those lawsuits state facts which appear to bring the underlying plaintiffs' claimed injuries within the policy coverage. See Missionaries ofthe Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104,110, 230 A.2d 21 (1967). If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured. Lee v. Aetna Casualty SuretyCo., 178 F.2d 750 (2d Cir. 1949). "The appropriate test . . . is whether the allegations of the complaint fairly state facts that appear to bring the injury complained of within coverage."Schwartz v. Stevenson, supra, 37 Conn. App. 585, (1995).
A thorough review of the 1984-1986 policy leads this court to the conclusion that the conduct alleged in the Connecticut Criminal Defense Lawyers lawsuit and the Weinberg lawsuit constitutes "wrongful acts" that are covered by the 1984-1986 policy. The policy provides coverage for wrongful acts arising out of law enforcement activities. According to the policy, coverage is provided even where a police officer fails to act within the scope of his employment. A wrongful act includes a "breach of duty by the Insured . . . while acting or failing to act within the scope of his employment or official duties pertaining to the law enforcement functions of the Insured." (1984-1986 policy, p. 2.) Additionally, personal injury includes the "violation of property or deprivation of any rights, privileges or immunities secured by Constitution and Laws of the United States . . . or the State for which the Named Insured may be held liable. . . ." Id.
In the Weinberg lawsuit, the underlying plaintiffs allege a deprivation by the defendants of their rights secured by the constitution of the United States and the state of Connecticut. CT Page 5261-XXXX (Exhibit C, p. 1, para. 1.) The plaintiffs in Weinberg further allege that "[e]ach defendant had the duty . . . to protect the plaintiffs from the unlawful actions of the other defendants, but . . . failed and refused to perform such duty, thereby proximately causing the injuries sustained by the plaintiffs."Id., p. 3, para. 6. Thus, the plaintiffs in Weinberg have alleged a "wrongful act committed by the defendants arising out of law enforcement activities." Accordingly, the defendants are entitled to coverage for their alleged acts in count one.
Similarly, in the Connecticut Criminal Defense Lawyers lawsuit, the underlying plaintiffs allege a deprivation by the defendants of their rights "under the Constitution and statutes of the United States and the laws of the state of Connecticut." Exhibit D, p. 2, para 1. The underlying plaintiffs further allege that "the program of interception, recording, disclosure or use of plaintiffs' wire and oral communications . . . was conducted by the defendants . . . without permission of either party to the conversation." Id., p. 12, para. 13. Again, the underlying plaintiffs have alleged a "wrongful act committed by the defendants arising out of law enforcement activities." Therefore, the defendants are entitled to coverage for their alleged acts in count two.
IV. Apportionment
In its memoranda, Imperial argues that if the court finds that Imperial is obligated to defend some of the claims in the Connecticut Criminal Defense Lawsuit, the defense costs should be fairly apportioned between Imperial and the defendants. Imperial further argues that "[t]o rule otherwise, would allow the State to reap the benefits of a free defense when a large percentage of the underlying liability falls outside the scope of Imperial's policies." (Imperial's Trial Brief, p. 26.) Imperial argues that it would be entirely unfair to require Imperial to pay for the entire defense if this court finds that Imperial only insured the defendants for two of the twelve-year period that illegal wiretapping is alleged to have occurred in the Connecticut Criminal Defense Lawyers Lawsuit. Id.
In response, the defendants maintain that nowhere in the complaint did Imperial request a ruling on the issue of apportionment of defense costs. The defendants argue that apportionment is often discussed in the context of insurers contributing pro rata shares of defense costs. In the present CT Page 5261-YYYY case, the defendants argue that Imperial is requesting apportionment with the insured. Therefore, the defendants argue that such a request is not warranted in light of the fact that this would provide a windfall for the liability insurer. (Defendants' Memorandum of Law, p. 51).
Imperial counters that "although the Defendants urge the Court to defer ruling on apportionment until the resolution of the federal lawsuits, they offer no legitimate reason why the Court should defer its ruling." (Imperial's Reply Brief, p. 16.) Imperial argues that it, on the other hand, cites numerous cases holding that it is entirely appropriate to determine a fair apportionment of defense costs based on the allegations in the underlying lawsuits. Id.
Whether an insurer can raise a claim for apportionment of defense costs against the insured is an issue of first impression in Connecticut. In Connecticut, defense costs are usually apportioned among the insurers where the insured has multiple policies. This rationale is consistent with the rule that "[w]here two policies contemplate the particular risk equally, liability will be prorated based on the total policy limits."Sacharko v. Center Equities Ltd. Partnership, 2 Conn. App. 439,447, 479 A.2d 1219 (1984). Additionally, where multiple coverage exists, unless there is a controlling provision in the insurance policy that specifies otherwise, a beneficiary is entitled topayment in full for her loss from any and all of the insurers
within the limits of liability stated in their respective policies. (Emphasis added.) See 8C Appleman, Insurance Law and Practice, § 5101.35, p. 455 (1981). Nowhere in Connecticut case law is there authority for Imperial's proposition that defense costs should be apportioned between the insurer and the insured. Furthermore, the cases cited by Imperial for this proposition are inapposite, as those cases refer to apportioning defense costs among multiple insurers for an individual insured.
Imperial's 1984-1986 policy does not have a provision for prorating defense costs between Imperial and the defendants. In the absence of policy language allocating the risk to either insurer or insured, the defendants are entitled to full coverage for defense costs during the years 1984-1986.
A declaratory judgment may enter in favor of the defendants on counts one and two requiring the plaintiff to assume its duty to defend the defendants in the underlying federal lawsuits named CT Page 5261-ZZZZ in those counts. Said defense shall be assumed without apportionment of defense costs.
Freed, J.