[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action against the defendant insurer seeking recovery for attorney's fees expended in defense of an action brought against the plaintiff. The plaintiff claims that he was entitled to be furnished a defense by the insurer under the terms of his homeowner's policy issued by the defendant insurer. The defendant claims that the claims alleged against the plaintiff were not such as to call for the furnishing of a CT Page 2084 defense under the terms of the policy.
The underlying action, Bart Wilcox, et al v. Zande C.Thompkins, et al was brought to the Superior Court, Rockville, Docket Number CV 93-0052766 S. That case has been tried to jury and concluded. The plaintiff expended $15,695.00 for attorney's fees in defending that action.
The first count of the complaint in the underlying action is the operative count as concerns this present action. Other counts alleging breach of contract against the plaintiff, and various complaints against a defendant pest control service, in that action, are not involved in this present action.
The first count of the complaint in the underlying action alleges that Zande C. Thompkins conveyed a single family residential dwelling to Wilcox on November 20, 1990. In the spring of 1991 Wilcox observed wood devouring insects swarming in various parts of the house. It further alleges that the degree of infestation had progressed to such a widespread degree as to indicate that it had existed for several years prior to the conveyance.
The count alleges that Thompkins "knew or had sufficient reason to know of the infestation" and "knowingly and intentionally failed and neglected to disclose same to the plaintiffs." This court had previously determined, in this action, that this allegation was sufficiently broad to be interpreted as negligent conduct, thereby leaving open the question of coverage, which would have been precluded if the sole claim was that of an intentional tort.
The plaintiff claims that she, Thompkins, was owed a defense under the terms of the policy. The defendant claims by special defense that the allegations of conduct were excluded under the terms and conditions of the insurance contract.
 ". . . the duty to defend means that the insurer will defend the suit, if the injured party states a claim which, quo claims, is for an injury `covered' by the policy; it is the claim which determines the insurer's duty to defend." Missionaries of the Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 112 (1967). "If an allegation of the complaint falls even possibly within the coverage then the insurance company must defend the insured." SchwartzCT Page 2085 v. Stevenson, 37 Conn. App. 581, 585 (1995).
 II
The "Liability Coverages" portion of the policy in question provides:
"Coverage E — Personal Liability.
 If a claim or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:" (emphasis in bold print in the policy).
The policy defines "occurrence" in section 5 of the Supplemental Provisions as follows:
"Definitions:
 5. `Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful condition, which results, during the policy period, in:
b. property damage."
The exclusions portion of the policy further provides, under Section II — Exclusions that personal liability coverage does not apply to contracts as follows:
 2. Coverage E. Personal Liability does not apply to a liability (2) under any contract or agreement. However this exclusion does not apply to written contracts:
 (a) that directly relate to the ownership, maintenance or use of an insured location; or . . ."
The policy further provides, under Section II, Exclusions,
2. Coverage E. Personal Liability does not apply to:
b. property damage to property owned by the insured;
 c. property damage to property rented to, occupied or used by or in the care of the insured."
CT Page 2086 III
The defendant insurer claims that the alleged failure of the plaintiff to notify the buyer of the property, Wilcox, of insect damage is not an "occurrence", and that the property damage was not caused by the failure to notify. The term "accident" has been defined by the Connecticut Supreme Court as "an unexpected happening." Commercial Contractors Corp. v. American Insurance,152 Conn. 31, 42 (1964).
It is obvious from the pleadings in the underlying suit, Wilcoxv. Thompkins, that the physical property damage was caused bywood devouring insects. Whether the term "accident" is to be construed as either the underlying cause, wood devouring insects, or the underlying result, structural damage, it is clear that under either interpretation, the occurrence which caused the property damage, was not caused by thefact of non-disclosure. The allegations of the underlying complaint do not allege an occurrence for which there is even the possibility of coverage.
It is also to be noted that in essence the alleged liability of the seller Thompkins is claimed to arise out of torturous non-disclosure in the entering into the contract for sale of the property. As aforesaid, the policy specifically excludes liability under any contract unless the contract relates to the ownership, maintenance or use of an insured location. The liability claimed in the underlying action arises out of the contract of sale of the premises, and not out of a contract pertaining to "the ownership, maintenance or use of an insured location."
Furthermore, the damage caused to this property, by the terms of the complaint, are clearly delineated as having existed for "several years prior to the date that the defendant Zande C. Thompkins conveyed the property to the Plaintiffs." Exclusion b.
excludes liability coverage "to property owned by the insured," and Exclusion c excludes "property damage to property rented to,occupied or used or in the care of the insured." The damages are claimed to occur during that period where the plaintiff owned the residential property.
It is abundantly clear that the underlying complaint does not allege an occurrence to which this policy applies. It is further just as clear that the policy does not intend to and cannot be CT Page 2087 read as providing for breach of contract coverage in the event that the object of the sales contract is negligently represented or negligently non-disclosed by the seller-insured. Furthermore the underlying complaint alleged that the damage caused by the insects existed for several years prior to the date of sale, and the policy excludes liability coverage for damage which existed during the time that the property was owned, occupied, used, or in the care of the insured.
A very similar circumstance allied to the claims made hereunder was determined by the United States Court of Appeals for the Ninth Circuit. "The cause of the damage was Andrews alleged misrepresentations, which are not an "occurrence" or a peril insured against under the terms of the policy. There is therefore, no potential for liability that arguably comes within the scope of the insurance coverage provided by Safeco." SafecoInsurance Company of America v. David A. Andrews, et al,915 F.2d 500, 502 (9th Cir. 1990) United States Court of Appeals, Ninth Circuit.
Under both the occurrence requirement, and the contract and the ownership exclusion there is no possibility that there was coverage under this policy.
For the reasons set forth herein the court enters judgment for the defendant.
L. P. Sullivan, J.