**RELIANCE NATIONAL INSURANCE CO., Plaintiff,**

v.

**Jonathon VITALE, Lynn Vitale and Ravizza Brothers, Inc., Defendants.**

No. 3:00CV0459(RNC).

United States District Court, D. Connecticut.

Aug. 27, 2001.

Gregory P. Lynch, McNamara & Kenney, Shelton, CT, for Plaintiff.

David Sauer, Marinelli & Sauer, New Britain, CT, Mark S. Shipman, Killian, Donohue & Jaff, Hartford, CT, for Defendants.

## RULING AND ORDER

CHATIGNY, District Judge.

This case presents the question whether an employer's liability insurance policy provides coverage for a tort claim brought by an injured employee who alleges that his employer instructed him to engage in activity that made his injuries "substantially certain" to occur within the meaning of the exception to the exclusivity bar of the Workers' Compensation Act recognized by the Supreme Court of Connecticut in *Suarez v. Dickmont Plastics Corp.*, 229 Conn. 99, 639 A.2d 507 (1994) (*"Suarez I"*) and *Suarez v. Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838 (1997) (*"Suarez II"*). Plaintiff Reliance National Insurance Company seeks a declaratory judgment that a policy it issued to defendant Ravizza Brothers, Inc. for the period April 19, 1998 to April 19, 1999 does not provide

coverage for claims asserted in the complaint in *Jonathan Vitale v. Ravizza Brothers, Inc.*, Case No. CV 99 0497335 S, 2000 WL 234313 (Conn.Super. Feb. 10, 2000), a case arising from an incident that occurred on May 26, 1998, involving an electrocution and fire that left the injured employee with third degree burns over a large part of his body surface. Cross-motions for summary judgment have been filed in this action by Reliance [doc. # 18] and John and Lynn Vitale [doc. # 21], the plaintiffs in the underlying case. After careful consideration of the parties' submissions, I conclude that the Reliance policy provides coverage.

*Background*

■■■ The complaint in the underlying action alleges the following facts.[1] On the day of the incident, Jonathon Vitale, while working as an employee of Ravizza, was drilling holes in the ground using a machine with a 24–foot boom. The defendant had been informed that the machine's controls did not respond correctly, sometimes causing the boom to move in the opposite direction from the one the operator intended. Despite its knowledge of that malfunction, Ravizza instructed Vitale to operate the machine in close proximity to live high voltage wires. Vitale protested that the boom could not be safely controlled and asked to be permitted to use a hand-held drill but his request was refused and he was instructed to use the machine with the boom. While he was operating the machine as instructed, the boom came into contact with the wires, electrocuting him and causing his body to be engulfed in flames, resulting in severe and disabling injuries.

After applying for and accepting workers' compensation benefits, Vitale and his spouse Lynn commenced the underlying action against Ravizza in Superior Court. The Superior Court complaint alleged that the injuries sustained by Mr. Vitale "were caused by the willful, serious and intentional misconduct [of the employer]" in that "[the employer] required [him] to operate the drilling machine under highly dangerous conditions which were substantially certain to cause serious, and life-threatening injuries to [him]." *Vitale v. Ravizza Bros., Inc.*, Complaint, para. 12(b). Ravizza demanded that Reliance defend it in the tort action. Reliance retained counsel for Ravizza but informed Ravizza by letter that the defense was being provided under a full reservation of rights. Reliance then filed this suit for a declaratory judgment concerning the scope of coverage afforded by the policy.

The policy at issue bears the title "Workers Compensation and Employers Liability Insurance." Reliance states that the policy provides two separate types of coverage: 'Part One' is "Workers Compensation Insurance' and 'Part Two' is Employers Liability Insurance." Pl.'s Mem. of Law In Supp. Of Mot. For Summ. J. at 7. The workers' compensation part of the policy applies to "bodily injury by accident or bodily injury by disease" that occurs during the policy period and is "caused or aggravated by the conditions of ... em-

---

1. In general, "the duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured." *Missionaries of Co. of Mary, Inc. v. Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967). Rather, the insurer has a duty to defend the insured as long as the complaint alleges facts that bring the injury within the scope of coverage. *Moore v. Continental Casualty Co.*, 252 Conn. 405, 409, 746 A.2d 1252 (2000) (citing *Flint v. Universal Machine Co.*, 238 Conn. 637, 646, 679 A.2d 929 (1996)); *Schwartz v. Stevenson*, 37 Conn.App. 581, 585, 657 A.2d 244 (1995) ("If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured.").

ployment." *See* Complaint, Ex. B, Part One A(1), (2). This part of the policy provides that Reliance "will pay promptly when due the benefits required of [the employer] by the workers compensation law." *Id.* Part One B. The employers' liability part of the policy applies to "bodily injury by accident or bodily injury by disease" that arises during the course of the injured employee's employment, occurs during the policy period, and is "caused or aggravated by the conditions of . . . employment." *Id.* Part Two A(1), (3), (4). This part states that Reliance "will pay all sums [the employer] must pay as damages because of bodily injury to [its] employees, provided the bodily injury is covered by this Employers Liability Insurance." *Id.*, Part Two B.

In support of its motion for summary judgment, Reliance focuses on certain provisions of the employer's liability part of the policy, specifically, Part Two, Section B, which is entitled "We Will Pay," and Part Two, Section C, entitled Exclusions."

Part Two, Section B states:

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. For care and loss of services;

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against

you in a capacity other than as employer.

Part Two, Section C states in pertinent part: "This insurance does not cover . . . (4) any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law; [or] (5) bodily injury intentionally caused or aggravated by you[.]"

*Discussion*

 The parties agree that the language of the policy is clear and unambiguous and may be construed as a matter of law without an evidentiary hearing. In such circumstances, the policy language must be accorded its natural and ordinary meaning in order to give effect to the parties' apparent intent. *Hammer v. Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 583, 573 A.2d 699 (1990). To the extent policy language is ambiguous, it must be construed in a manner favorable to the insured. *LaBonte v. Federal Mutual Insurance Co.*, 159 Conn. 252, 256, 268 A.2d 663 (1970).

In construing the policy at issue here, it is necessary to consider the Workers' Compensation Act because the policy incorporates the terms of the Act, requires the insurer to assume the employer's duty to pay benefits under the Act, and extends coverage for damages for bodily injury to employees beyond the scope of the employer's obligations under the Act. It is also necessary to consider the Connecticut Supreme Court's opinions in *Suarez I* and *Suarez II* concerning the exception to the exclusivity bar of the Act because, as Reliance states in its memorandum of law, employer's liability insurance is "traditionally written in conjunction with workers compensation policies, and is intended to serve as a 'gap-filler', providing protection to the employer in situations where the

employee has a right to bring a tort action despite the provisions of the workers compensation statute . . . ." Pl.'s Mem. of Law in Supp. Of Mot. For Summ. J. at 10.

Under the Workers' Compensation Act, "[a]n employer shall not be liable . . . for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee." Conn. Gen.Stat. § 31–284(a). The Act is designed to hold the employer liable for most job-related injuries to employees without regard to fault, so that injured employees have quick and certain access to compensation, while relieving the employer of the burdens associated with tort actions. *See Suarez I,* 229 Conn. at 114–15, 639 A.2d 507; *Mingachos v. CBS, Inc.,* 196 Conn. 91, 97, 491 A.2d 368 (1985).

The Supreme Court of Connecticut has interpreted the exclusivity provision of the Act to bar common law actions by injured employees against employers for work-related injuries except when the employer has committed an intentional tort or engaged in wilful or serious misconduct. *See Jett v. Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). In 1994, the Court ruled in *Suarez I* that to overcome the exclusivity bar an employee must plead and prove that the employer (1) actually intended to cause the injury or (2) intentionally created a dangerous condition that made the injury substantially certain to occur. In 1997, the Court revisited this area of the law in *Suarez II.* The Court explained that a plaintiff may escape the exclusivity of the Act and maintain a civil suit against his employer by demonstrating either (1) that the employer intended both the act itself

and its injurious consequences ("the intended tort theory"), or (2) that the employer intended the act and knew that it was substantially certain to cause the injury ("the substantial certainty theory"). *See* 242 Conn. at 280, 698 A.2d 838. The Court observed that the evidence presented by the employee in that case was sufficient to permit a jury to find that the injury was a substantial certainty but insufficient to permit an inference that the employer acted for the purpose of causing the injury. Thus, the substantial certainty theory was satisfied but the intended tort theory was not.

Reliance argues that the policy provides no coverage for the claims asserted against Ravizza in the underlying action because: (1) Part Two, Section B(4) of the policy does not obligate the insurer to pay for damages arising out of litigation brought by an employee against the employer in its capacity as an employer, (2) Part Two, Section C(4) excludes coverage for obligations imposed by the Workers' Compensation Act in order to avoid double recovery; and (3) Part Two, Section C(5) excludes coverage for bodily injury "intentionally caused by [the employer]." *See* Pl.'s Mem. of Law In Supp. Of Mot. For Summ. J. at 11—12. These arguments will be addressed in turn.

*Part Two, Section B(4)*

Part Two, Section B of the policy states that Reliance "will pay all sums [the employer] must pay as damages because of bodily injury to [its] employees, provided the bodily injury is covered by this Employers Liability Insurance." Complaint, Ex. B, Part Two, Section B. This section then states that such damages "*include* damages . . . (4) because of bodily injury to [an] employee that arises out of and in the course of employment, claimed against [the employer] in a capacity other than as employer." *Id.* (emphasis added). Reli-

ance interprets this language as excluding coverage for damages for bodily injury to an employee claimed against the employer in its capacity as an employer. Defendants contend that by listing the types of damages that are "include[d]" in the coverage provided by this part of the policy, this section does not "exclud[e] coverage in any manner." Defs.' Mem. In Opp. To Pl.'s Mot. For Summ. J. at 4. I agree. Part Two, Section B of the policy does not reflect an intention that the insurer's obligation to pay damages is limited to the types of damages listed in subparts (1) through (4). Rather, the word "include" implies that the list is not exhaustive.

*Part Two, Section C(4)*

■ Part Two, Section C(4) excludes coverage for any obligation imposed by workers' compensation law. By its terms, this exclusion appears to be inapposite because the complaint in the underlying action does not seek to enforce an obligation imposed by the Workers' Compensation Act. However, Reliance contends that the exclusion was intended to prohibit "double recovery" by "preventing an employee from collecting under both parts of the policy for the same workers compensation claim." Pl.'s Mem. In Supp. Of Summ. J. at 9–10.

■ Reliance's argument concerning the intent of this exclusion is at odds with its statement that employer's liability insurance is intended to serve as a "gap-filler" when an employee is permitted to bring a tort action under an exception to the exclusivity bar of the workers' compensation statute. *See* Pl.'s Mem. Of Law In Supp. Of Mot. For Summ. J. at 10. In Connecticut, an injured employee's receipt of workers' compensation benefits does not

preclude him from bringing a tort action against the employer under *Suarez I* and *Suarez II*. If the employee obtains damages in the tort action, double recovery is avoided because the employer may claim an offset in the amount of any compensation benefits previously paid. *Suarez I*, 229 Conn. at 116, 639 A.2d 507 (citing *Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 186, 501 A.2d 505 (1985)). Accordingly, Reliance's argument based on this exclusion must be rejected.

*Part Two, Section C(5)*

■ Part Two, Section C(5) of the policy excludes coverage for "bodily injury intentionally caused or aggravated by [the employer]." Reliance contends that this exclusion applies because the complaint in the underlying action alleges that Mr. Vitale's injuries were caused by the willful, serious and intentional misconduct of the employer. *See* Pl.'s Obj. to Mot. For Summ. J. at 4 ("The underlying complaint specifically alleges that Vitale's injuries were caused by the intentional misconduct of his employer, which is precisely excluded from coverage ...."). This argument is unavailing because the Vitales' complaint does not allege that Ravizza engaged in conduct with the intent of causing the injuries, as would be the case if they were relying on the "intended tort theory" of employer liability discussed in *Suarez I* and *Suarez II*. Rather, their complaint invokes the "substantial certainty theory," which enables an employee to recover damages against an employer for bodily injury even if the employer did not actually intend to cause the injury, provided the injury was "substantially certain" to occur.[2] Before the onset of the policy period at issue in this case, *Suarez II* demonstrat-

---

**2.** The Superior Court has ruled that the allegations of the complaint are sufficient to state a claim for relief under the substantial certainty theory. *See Vitale v. Ravizza Bros., Inc.*, 2000 WL 234313 (Conn.Super.Ct. Feb.10, 2000).

ed that a Connecticut employer could be held liable to employees for damages for bodily injury under the "substantial certainty theory" even if the "intended tort theory" did not apply. In light of the opinion in that case, and the traditional purpose of employer's liability insurance as a "gap-filler," Pl's Mem. In Supp. Of Mot. For Summ. J. at 10, I conclude that the policy does not exclude coverage for the Vitales' claim in the underlying action based on the "substantial certainty theory."

*Conclusion*

For the foregoing reasons, plaintiff's motion for summary judgment is denied and defendants' motion is granted. Pursuant to the terms of the policy, as construed in this ruling and order, Reliance must defend and indemnify Ravizza with regard to the Vitales' claim in the underlying action.