[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, the Granite State Insurance Company, ("Granite") instituted the present action to determine whether a policy of insurance issued to the defendants provides insurance coverage for an action brought against the defendants to recover damages for personal injuries sustained by a minor child while the defendant was providing baby-sitting services. The defendants have filed an answer to the complaint in which various paragraphs are admitted. The defendants have also asserted a counterclaim alleging that Granite has denied the defendants' claims for indemnification under the policy and, as a consequence thereof, the defendants have been required to retain legal counsel at their own expense. The counterclaim asserts a claim for specific performance of the provisions of the policy and damages.
The plaintiff has filed a Motion for Summary Judgment, with supporting documentation, asserting that, as a matter of law, the policy issued by Granite does not provide insurance coverage to the defendants for the acts alleged in the suit on behalf of the minor child. The defendants admit, in their answer, that they are defendants in an action brought on behalf of Ashton Reis who claims to have sustained personal injuries at or about the premises owned by the defendants as a result of the negligence or carelessness of the defendant, Barbara Paladino. Defendants also admit that the complaint against them alleges that the defendant Barbara Paladino was conducting a baby-sitting service in her home and that she was baby-sitting for five different minor children during that time. Defendants further admit that the complaint instituted on behalf of Ashton Reiss alleges that the defendant Patrick Paladino was a joint venturer or partner in the baby-sitting business and received part of the income derived therefrom.
A review of the complaint filed on behalf of Ashton Reiss reveals that the plaintiff claims that the injuries occurred while the plaintiff Ashton Reis was in exclusive custody and control of the defendant Barbara Paladino; that, the defendant Patrick Paladino was the spouse of the defendant Barbara Paladino; that he was a joint venturer and partner with his wife in the baby-sitting service that he received part of the income therefrom. The CT Page 3553 complaint asserts that the defendant Barbara Paladino was negligent in one or more of the following respects:
 "(a) in that she carelessly and negligently fell while descending an interior stairway in said residence;
 (b) in that she carelessly and negligently carried the plaintiff, Ashton Reis while in the interior said residence;
 (c) in that she carelessly and negligently placed towels upon the interior stairway within said residence causing a dangerous and slippery condition thereon;
 (d) in that she carelessly and negligently allowed children, including the plaintiff ASHTON REIS, to play in areas of said residence which were unsuitable and unreasonably for small children without adequate warning of the same;
 (e) in that she failed to exercise proper supervision and care over the plaintiff ASHTON REIS while he was in her exclusive custody and control; and
 (f) in that she failed to maintain said residence in a proper and suitable manner for her baby/sitting service as described herein above."
The complaint filed on behalf of Ashton Reis also claims that the defendant Patrick Paladino was negligent in one or more of the following ways:
 "(a) in that he carelessly and negligently placed towels upon the interior stairway within said residence causing a dangerous and slippery condition thereon;
 (b) in that he carelessly and negligently allowed children, including the plaintiff ASHTON REIS, to play in areas of said residence which were unsuitable or unreasonably dangerous for small children without adequate warning of the same;
 (c) in that he failed to exercise proper supervision and care over the plaintiff ASHTON REIS, although he knew the said plaintiff was a small child within his residence;
 (d) in that he failed to maintain said residence in a proper and suitable manner for said babysitting service as described herein above.
CT Page 3554
Granite provided a homeowner's insurance policy to the defendants which contained an exclusion stating that coverage E, personal liability, and other coverages, do not apply to body injury or property damage:
"b. arising out of business pursuits of an insured. . .
This exclusion does not apply to:
(1) activities which are usual to nonbusiness pursuits;"
The interpretation of the above quoted policy provisions has produced differing results as to the meaning, interpretation and application of the policy provisions. See, e.g. Crane v. State Farm Fire Casualty Company, 5 Cal.3d 112, 95 Cal. Reptr. 513,49, 48 A.L.R.3d 1089 (1971); McCloskey v. Republic Insurance Co.,559 A.2d 385 (Md.App. 1989); Annot. 48 A.L.R.3d 1089 (1973).
However, the policy of insurance issued by Granite also contains Form HO-322 which provides as follows:
"No Section II — Liability Coverages for Home Day care Business.
 If an insured regularly provides home day care services to a person or persons other than the insured and received monetary or other compensation for such services, that enterprise is a business. Mutual exchange of home day care services, however, is not considered compensation. The rendering of home daycare services by an insured to a relative of an insured is not considered a business.
 Therefore, with respect to a home day care enterprise, which is considered to be a business, this policy:
 1. Does not provide Section II — Liability Coverages because a business of an insured is excluded under exclusion 1.b.(1) of Section II — Exclusions;"
In the present action, the parties do not dispute the nature of the claims made on behalf of Ashton Reis and the only question for interpretation is whether the policy issued by Granite covers the claim. The interpretation of a policy of the insurance involves a determination of the intent of the parties as expressed in the language of the policy. Aetna Life and Casualty v. Bulanong, 218 Conn. 51, 60 (1991). Where the terms of policy are of a doubtful meaning, the construction most favorable to the insured will be adopted. Beach v. Middlesex Assurance Co., 205 Conn. 246,250 (1987). Similarly, where the terms of a policy of insurance are equally susceptible to two different meanings, the meaning CT Page 3555 favoring the insured will be applied. Griswold v. Union Labor Life Insurance Co., 186 Conn. 507, 513 (1982). However, where the terms of a policy of insurance are clear and unambiguous the language must be accorded its natural and ordinary meaning. Ryiz v. Federal Insurance Co., 5 Conn. App. 179, 183 (1985); Griswold v. Labor Life Insurance Co., supra at 512-513 (1982).
"The ultimate question of intent in this case involves a determination of what coverage the insured expected to receive and what coverage the insurer expected to provide as disclosed by the language of the policy." Aetna Life Casualty Co. v. Bulanong, supra at 60. In such a determination, the policy holders' expectations should be protected as long as they are objectively reasonable from the laymen's point of view. Cody v. Remington Electric Shavers, 179 Conn. 494 497 (1980); Carley v. Lumberman's Mutual Casualty Co., 10 Conn. App. 135, 143 (1987).
The documents supplied on behalf of Granite, establish that the defendant was receiving "monetary or other compensation" for the baby sitter's services thereby activating the provisions contained in the policy endorsement HO-322. "The activity alleged as the basis for the claim (of ASHTON REIS), is the negligent failure to provide proper care and supervision of the child while engaged in the business pursuit of providing child health care for compensation on a regular basis, regardless of the specific conduct causing the injury to the child." McClusky v. Republic Insurance Company, supra at 390. Endorsement HO-322 specifically provides that with respect to a home daycare enterprise "this policy: 1. Does not provide Section II — Liability Coverage because a business of an insured is excluded under exclusion 1b(1) of Section II — Exclusions". Under such policy language, it cannot be said that the insured had an objectively reasonable expectation that insurance coverage would be provided for the injuries sustained.
Granite has also moved for a summary judgment with respect to the counterclaim asserted by the defendants which claims, in part, damages incurred as a result of the defendants being required to retain the services of their own attorney. The duty to defend is broader, in scope, than the duty to indemnify and does not depend upon the results of an independent investigation nor does it depend upon the ability of the insurance company to ultimately prevail on the coverage issues. The duty to defend is determined by a comparison of the complaint by the third party with the policy issued to the insured. See generally, Missionaries of The Company of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104,110-112 (1967).
While the complaint brought against the defendants asserts that babysitting services were being provided by the defendant, there is no allegation that the defendant was receiving, at the CT Page 3556 time of the injury, "monetary or other compensation" for such services. Thus, the four corners of the complaint do not compel the conclusion that insurance coverage is excluded by the language of the policy. Therefore, until the date of this decision, Granite was not justified in failing to provide a defense to the action. The counterclaim alleges that the defendants sustained damages as a result of the failure to provide a defense and a summary judgment against them is not warranted.
Accordingly, the Motion for a Summary Judgment in favor of Granite is granted with respect to the complaint and denied with respect to the counterclaim.
RUSH, JUDGE