## NEW LONDON COUNTY MUTUAL INSURANCE COMPANY *v.* ANDRZEJ BIALOBRODEC ET AL.
(AC 33433)

Bear, Espinosa and West, Js.

---

Argued May 15—officially released August 14, 2012

*Elizabeth C. Foran*, for the appellant (defendant Edward Dzikiewicz, administrator of the estate of TyCody Dzikiewicz).

*Jennifer Katz*, for the appellee (plaintiff).

*Opinion*

BEAR, J. In this declaratory judgment action, the defendant Edward Dzikiewicz, administrator of the estate of TyCody Dzikiewicz (decedent), appeals from the summary judgment rendered by the trial court in

favor of the plaintiff, New London County Mutual Insurance Company.[1] On appeal, the defendant claims that the court erred in ruling that the motor vehicle exclusion provision and the negligent entrustment of a motor vehicle exclusion provision, both contained in a homeowner's insurance policy issued by the plaintiff, exclude coverage for the defendant's negligent supervision cause of action. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the present appeal. In count one of the defendant's complaint dated November 5, 2009, the defendant sued Andrzej Bialobrodec and Grazyna Bialobrodec (parents) for the allegedly negligent supervision of their son, Adrian Bialobrodec, that allowed him to purchase and, thereafter, to give the decedent access to and use of a motorcycle, a motor vehicle, which the decedent operated and crashed, resulting in his death. In count two of his complaint, the defendant sued Adrian Bialobrodec for his allegedly negligent supervision of the decedent and for the decedent's use of his motorcycle, which resulted in the decedent's death.[2]

On February 6, 2010, the plaintiff commenced this declaratory judgment action against the parents and Adrian Bialobrodec. On November 18, 2010, the trial court granted the plaintiff's motion to cite in the defendant as an additional party defendant. In its amended

---

[1] Also named as defendants in the operative complaint before the trial court were Andrzej Bialobrodec, Grazyna Bialobrodec and Adrian Bialobrodec. These individuals, however, are not parties to this appeal. Accordingly, references to the defendant refer only to Edward Dzikiewicz, as administrator of the estate of TyCody Dzikiewicz.

[2] At oral argument before this court, the defendant conceded that the motor vehicle exclusion provision excludes coverage for his negligent supervision cause of action against Adrian Bialobrodec. Thus, in this opinion we do not address this claim against Adrian Bialobrodec.

complaint, the plaintiff alleged the following.[3] The parents had a homeowner's insurance policy (policy) issued by the plaintiff that was in effect at all times relevant to the defendant's claims. Adrian Bialobrodec resided with his parents at all times relevant to the defendant's claims. Adrian Bialobrodec was an insured under the policy at all relevant times. The defendant sued the parents and Adrian Bialborodec for alleged bodily injuries and damages sustained by the decedent in the motorcycle accident.

On August 30, 2010, the plaintiff filed a motion for summary judgment on the ground that it had no duty to defend the insured parties in the defendant's action because the defendant's causes of action arose out of the decedent's use of a motor vehicle, or the negligent entrustment of a motor vehicle to the decedent, and the conduct and damages alleged against the parents were excluded from the policy coverage. On April 7, 2011, the court rendered summary judgment in favor of the plaintiff, holding that the policy excluded coverage for causes of action arising out of the use of a motor vehicle and that the policy excluded coverage for the defendant's negligent supervision cause of action because it arose out of the decedent's use of a motor vehicle owned by an insured. This appeal followed.

On appeal, the defendant claims that the court erred in ruling that the policy excluded coverage for the defendant's negligent supervision cause of action. He argues that the court misconstrued his claim as arising out of the use of the motorcycle, when, in fact, his negligent supervision cause of action arises out of the parents' failure to supervise their son. We are not persuaded.

---

[3] The defendant was not named as a party in the original complaint. The plaintiff amended its original complaint to make allegations against the defendant after the court granted the plaintiff's motion to cite him in as an additional party defendant.

We begin by setting forth our well settled standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Lancia* v. *State National Ins. Co.*, 134 Conn. App. 682, 687, 41 A.3d 308, cert. denied, 305 Conn. 904, 44 A.3d 181 (2012).

"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract . . . . In accordance with those principles, [t]he determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provision of the policy. . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . [T]his rule of construction . . . [also] extends to exclusion clauses." (Citation omitted; internal quotation marks omitted.) Id., 688–89.

"The question of whether an insurer has a duty to defend its insured is purely a question of law . . . . In construing the duty to defend as expressed in an insurance policy, [t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the

insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Id., 689. "[T]o prevail on its own motion for summary judgment . . . for a declaratory judgment that it has no duty to defend in the underlying action, the insurer must establish that there is no genuine issue of material fact either that no allegation of the underlying complaint falls even possibly within the scope of the insuring agreement or, even if it might, that any claim based on such an allegation is excluded from coverage under an applicable policy exclusion. . . . [T]he insurer . . . is necessarily limited to the provisions of the subject insurance policy and the allegations of the underlying complaint. Therefore, it is only entitled to prevail under a policy exclusion if the allegations of the complaint clearly and unambiguously establish the applicability of the exclusion to each and every claim for which there might otherwise be coverage under the policy." Id., 691.

Section II of the policy, entitled "EXCLUSIONS," provides in relevant part: "1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to 'bodily injury' or 'property damage' . . . [f] [a]rising out of: (1) The ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by or rented or loaned to an 'insured' . . . ."

"If an insurance policy's words are clear and unambiguous, we must accord them their natural and ordinary meaning. . . . [I]t is generally understood that for liability for an accident or an injury to be said to *arise out of the use of an automobile* for the purpose of determining coverage under the appropriate provisions of a liability insurance policy, it is sufficient to show only that the accident or injury was connected with,

had it origins in, grew out of, flowed from, or was incident to the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile. . . . Our case law also imparts a single meaning to the phrase use of an automobile: [u]se is to be given its ordinary meaning. It denotes the employment of the automobile for some purpose of the user. . . . Because our case law gives each relevant term a single meaning—albeit an expansive one—there is no ambiguity in a policy exclusion that provides that [c]overage [for] [p]ersonal [l]iability and . . . [m]edical [p]ayments to [o]thers do[es] not apply to bodily injury . . . [a]rising out of [t]he . . . use . . . of motor vehicles . . . .'' (Citations omitted; emphasis in original; internal quotation marks omitted.) *New London County Mutual Ins. Co.* v. *Nantes*, 303 Conn. 737, 753–54, 36 A.3d 224 (2012).

The defendant specifically alleges in his complaint against the parents that on September 1, 2008, at approximately 12:35 a.m., Adrian Bialobrodec took his motorcycle from his parents' home and met with friends; he allowed the decedent to operate the motorcycle; the decedent lost control of the motorcycle and crashed into a tree; as a result of the accident, the decedent suffered fatal injuries; and the parents knew or should have known that Adrian Bialobrodec would allow others to use and operate the motorcycle.

In his appellate brief, the defendant argues that the decedent's death was caused by the parents' negligent supervision of Adrian Bialobrodec, not by the decedent's use of the motorcycle. Specifically, the defendant argues that "[the parents] failed to supervise their son and took no action to prevent him from allowing others to use the motorcycle." The defendant further argues that the policy issued to the parents "provided payments for any damages that their insured[s] were required to

pay as a result of bodily injury." Therefore, the defendant concludes, "[n]either of the two exclusions which the court considered in reaching its decision, the [motor vehicle] exclusion clause or the negligent entrustment exclusion, should exclude coverage in this case." We are not persuaded.

The defendant attempts to separate his negligent supervision legal theory from the factual allegations of his complaint against the parents pertaining to the decedent's accident and injuries arising from his use of the motorcycle. The facts alleged by the defendant in his complaint against the parents, however, underlie and undercut his claim that his negligent supervision cause of action stands alone and is separate from any claims arising from the motorcycle accident because they leave no doubt that the injuries for which he seeks to recover arose out of the decedent's use of the motorcycle owned by an insured under the policy issued by the plaintiff. The policy explicitly and unambiguously provides that bodily injury arising out of the use of motor vehicles owned by an insured shall be excluded from policy coverage. Although the alleged facts may support a negligent supervision cause of action against the parents, that does not change the parameters of our review of this appeal. We review the court's determination that the motor vehicle exclusion provisions of the policy applied to the allegations in the first count of the defendant's complaint against the parents, not whether a negligent supervision cause of action might lie against them for their actions or inaction in the supervision of their son.

"It is well settled that, [f]actual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case." (Internal quotation marks omitted.) *Luster* v. *Luster*, 128 Conn. App. 259, 262 n.6, 17 A.3d 1068, cert. granted on other grounds, 302 Conn.

904, 23 A.3d 1243 (2011). In his complaint against the parents, the defendant thus makes judicial admissions, including that Adrian Bialobrodec owned the motorcycle, that the decedent drove the motorcycle and, thus, engaged in the use of the motorcycle,[4] that, while driving the motorcycle, the decedent crashed and that the crash gave rise to the decedent's fatal injuries and, ultimately, to his death. If the decedent had not used and operated the motorcycle, crashed and suffered injuries, any alleged failure of the parents to supervise their son with respect to the motorcycle could not be the basis of a cause of action against them by the defendant. Thus, the defendant seeks compensatory damages against the parents based on his factual allegations that the decedent's fatal injuries arose out of the decedent's use or operation of a motorcycle owned by Adrian Bialobrodec, an insured under the policy, pursuant to a legal theory that the parents negligently failed to supervise their son. Therefore, we conclude that the court properly determined as a matter of law that the plaintiff does not have a duty to defend the parents against the defendant's negligent supervision cause of action because the terms of the motor vehicle exclusion provision exclude coverage for that negligent supervision cause of action that arose from the decedent's use of a motor vehicle owned by an insured under the policy.

Because the negligent supervision cause of action is excluded from coverage under the motor vehicle exclusion provision, we need not address the defendant's other claim that the court erred in ruling that the negligent entrustment of a motor vehicle exclusion provision of the policy also excludes coverage for the defendant's negligent supervision cause of action.

---

[4] The ordinary meaning of the term "use," in reference to a motor vehicle, necessarily encompasses the act of driving a motor vehicle. See, e.g., *New London County Mutual Ins. Co.* v. *Nantes*, supra, 303 Conn. 753–54; *Hogle* v. *Hogle*, 167 Conn. 572, 577–78, 356 A.2d 172 (1975).

Accordingly, we conclude that the trial court correctly determined that the motor vehicle exclusion provision of the policy excludes coverage for the defendant's negligent supervision cause of action. Therefore, summary judgment properly was rendered in this case.

The judgment is affirmed.

In this opinion the other judges concurred.