******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF MONROE *v.* DISCOVER PROPERTY
AND CASUALTY INSURANCE COMPANY
(AC 38332)

Beach, Sheldon and Lavery, Js.

*Argued September 19—officially released December 6, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Kamp, J.)

*Jeffrey J. Vita*, with whom was *Bethany L. Barrese*,
for the appellant (plaintiff).

*Paul G. Roche*, with whom, on the brief, was *Joseph
H. Carlisle*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, the town of Monroe, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant insurer, Discover Property and Casualty Insurance Company. The plaintiff claims that the court erred in holding that the allegations brought by a third party against the plaintiff in a prior action (underlying action) fell within an exclusion in the applicable policy, and, therefore, that the defendant had no duty to provide a defense to the plaintiff. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts and procedural history. In 2005, the plaintiff purchased a "Public Entity Errors and Omissions Liability Policy" (policy) from the defendant. In 2006, Bellsite Development, LLC (Bellsite), instituted an action against the plaintiff. It alleged that the plaintiff had agreed to assist in the "development and implementation of a wireless telecommunications tower," and had harmed Bellsite by abandoning that agreement. The operative complaint in the underlying action alleged (1) breach of contract (count one); (2) promissory estoppel (count two); and (3) negligent misrepresentation (count three). The plaintiff requested defense and indemnity from the defendant, its insurer. The defendant denied coverage. The plaintiff retained counsel to defend its interests in the underlying case, and the case was tried. In the trial court, the case was decided in favor of Bellsite on counts one and three of the operative complaint. On appeal, this court reversed the judgment and directed judgment in favor of the plaintiff on all three counts. *Bellsite Development, LLC* v. *Monroe*, 155 Conn. App. 131, 154, 122 A.3d 640, cert. denied, 318 Conn. 901, 12 A.3d 1279 (2015).

The plaintiff then brought the present action seeking both a declaratory judgment that the defendant had a duty to defend and damages arising from the defendant's alleged breach of that duty. The defendant filed a motion for summary judgment, alleging that the plaintiff could not prevail as a matter of law because the policy excluded coverage for the claims as alleged in the underlying complaint. On August 11, 2015, the court granted the defendant's motion. The court determined that (1) the allegations regarding an agreement, if true, amounted to a finding of a procurement contract, for which coverage was excluded; and (2) Bellsite's negligent misrepresentation claim, as alleged in the third count, arose out of that contract. Therefore, the allegations, as alleged in the underlying complaint, all fell within the clause of the policy excluding coverage for contractual damages. This appeal followed.

As a preliminary matter, we set forth the appropriate standard of review. "Our review of the trial court's decision to grant [a] motion for summary judgment

is plenary." (Internal quotation marks omitted.) *R.T. Vanderbilt Co.* v. *Continental Casualty Co.*, 273 Conn. 448, 456, 870 A.2d 1048 (2005). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id., 455–56.

"Construction of a policy of insurance presents a question of law, over which our review is de novo. . . . It is beyond dispute that an insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the complaint . . . . The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts [that] bring the injury within the coverage. . . . If an allegation of the complaint falls *even possibly* within the coverage, then the [insurer] must defend the insured." (Citations omitted; emphasis added; internal quotation marks omitted.) *Wentland* v. *American Equity Ins. Co.*, 267 Conn. 592, 600, 840 A.2d 1158 (2004); *Moore* v. *Continental Casualty Co.*, 252 Conn. 405, 409, 746 A.2d 1252 (2000); see also *Schwartz* v. *Stevenson*, 37 Conn. App. 581, 584–85, 657 A.2d 244 (1995).

If the allegations of a complaint necessarily fall within the terms of a policy exclusion, however, an insurer does not have a duty to defend. *New London County Mutual Ins. Co.* v. *Bialobrodec*, 137 Conn. App. 474, 479, 48 A.3d 742 (2012). An insurer is "entitled to prevail under a policy exclusion [only] if the allegations of the complaint *clearly and unambiguously* establish the applicability of the exclusion to each and every claim for which there might otherwise be coverage under the policy." (Emphasis added; internal quotation marks omitted.) Id.; see also *Wentland* v. *American Equity Ins. Co.*, supra, 267 Conn. 592 (applicability of exclusion for liquor liability not clearly and unambiguously established where complaint alleged driver caused accident while intoxicated); *Schwartz* v. *Stevenson*, supra, 37 Conn. App. 586 (applicability of exclusion for vehicles owned by third parties not clearly and unambiguously established where complaint did not specify who owned vehicle at issue).

Section I (2) (d) (1) of the policy excluded coverage for "[a]ny claim . . . [b]ased upon, arising out of, directly or indirectly resulting from, or in consequence of construction, architectural or engineering contracts or any other procurement contract; or (2) [f]or which the insured has assumed the liability in a contract or

agreement." The policy also stated in § I (2) (d) (2) that "[t]his exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement."

The plaintiff argues that the court erred in determining that the allegations of negligent misrepresentation in the underlying complaint fell within the policy's contract exclusion. Specifically, the plaintiff contends that the allegations of the complaint could not support the finding of an enforceable contract, or of a procurement contract of any kind, and, therefore, it could not be proved that the negligent misrepresentation cause of action arose out of that contract. The plaintiff also argues that even if the allegations supported the existence of a contract, Bellsite's negligent misrepresentation claim was a tort claim "separate and independent from" Bellsite's contractual claims, and coverage was not necessarily precluded by the policy's contract exclusion. Because the claims were not necessarily excluded by the policy language, the plaintiff argues, the defendant had a duty to defend.

In response, the defendant argues that Bellsite's negligent misrepresentation claim did arise out of its breach of contract claim because count three incorporated all of the facts alleged in count one without including any additional facts. The defendant also argues that "[n]egligent misrepresentation arises out of business transactions," and that the "underlying business transaction that the negligent misrepresentation allegedly arose out of was the alleged underlying contract." The defendant argues that because "the allegedly breached contract is the sole basis alleged in the underlying complaint for the misrepresentation," the negligent misrepresentation claim did not trigger the defendant's duty to defend. We disagree.

The determinative issue is whether coverage for the negligent misrepresentation claim outlined in count three is negated by the policy's contract exclusion. To determine whether a complaint has triggered the defendant's duty to defend, we must compare the language of the complaint with the language of the policy. *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 398, 757 A.2d 1074 (2000). An insurer does not have a duty to defend "if the allegations of the complaint *clearly and unambiguously* establish the applicability of [a policy] exclusion . . . ." (Emphasis added; internal quotation marks omitted.) *New London County Mutual Ins. Co.* v. *Bialobrodec*, supra, 137 Conn. App. 479. The insurer does have a duty to defend "[i]f an allegation of the complaint falls *even possibly* within the coverage . . . ." (Emphasis added; internal quotation marks omitted.) *R.T. Vanderbilt Co.* v. *Continental Casualty Co.*, supra, 273 Conn. 470. Because in the present case it is possible that the allegations in Bellsite's negligent

misrepresentation claim set forth a claim that is outside the terms of the exclusion, the underlying complaint triggered the defendant's duty to defend.

In count three of its operative complaint, which alleged negligent misrepresentation, Bellsite incorporated the allegation from count one that "it was promised that if Bellsite received the necessary approvals for construction of a tower, the town would locate its police communications systems on the tower." Other allegations refer to this promise as "an agreement" that Bellsite acted "in reliance on," but there is no further description of the alleged contract between the parties. Bellsite also alleged in count three, however, that the plaintiff made various "statements, representations, promises and assurances" that "constitute[d] negligent misrepresentation . . . ." Depending on the evidence presented, a finder of fact perhaps could find on these allegations that a contract existed and that any alleged negligent misrepresentation "arose out of" that contract, but it could also find that regardless of whether an enforceable contract had been created, one or more negligent misrepresentations had been made in the course of discussions between the parties, and there was arguably no limiting language as to when such misrepresentations were made. Bellsite separated its claims of breach of contract and negligent misrepresentation into separate counts in its complaint, and the allegations of the third count quite clearly allege negligent misrepresentation.

In fact, when the underlying action reached this court on appeal, this court treated Bellsite's claims of breach of contract and negligent misrepresentation as separate and distinct. *Bellsite Development, LLC* v. *Monroe*, supra, 155 Conn. App. 131. The defendant argues that the manner in which the action was ultimately treated by a court is irrelevant because the duty to defend is dependent only on the language of the complaint. Although the defendant's characterization of the duty to defend is correct; see *Wentland* v. *American Equity Ins. Co.*, supra, 267 Conn. 592; this court's prior analysis is useful to consider because it illustrates that the trier could have found that the plaintiff was liable for negligent misrepresentation even in the absence of a contract between the parties. The policy exclusion specifically states that the exclusion "does not apply to liability for damages that the insured would have in the absence of the contract or agreement." Because the complaint left open the possibility that the alleged negligent misrepresentation did not arise out of a contract, the defendant's duty to defend was not precluded by the contract exclusion.

In recognizing the possibility that the negligent misrepresentation claim did not arise out a contract between the parties, we acknowledge that the phrase "arose out of" is defined broadly in Connecticut. See

*Nationwide Mutual Ins. Co.* v. *Pasiak*, 161 Conn. App. 86, 98–99, 127 A.3d 346 (2015), cert. granted on other grounds, 320 Conn. 913, 130 A.3d 266 (2016). This court has previously stated that a negligent misrepresentation may arise out of a business pursuit where the "tortious acts and resulting injuries in the underlying action were connected with, had their origins in, grew out of, flowed from, or were incident to the [party's] business pursuits . . . ." Id., 101. The defendant argues that under this broad definition, the negligent misrepresentation claim must have arisen out of a contract between the parties because it "flowed from" the same facts alleged in Bellsite's breach of contract claim. The defendant assumes too much. The facts alleged in the complaint may or may not have provided the basis on which to prove an enforceable contract, but the "statements, representations, promises and assurances" of the plaintiff, as alleged in count three of the underlying complaint, could have been made outside of contract negotiations, or, even if made in the context of contract negotiations, could perhaps have been severable from contract terms. It was entirely possible from a reading of the allegations of the complaint that the negligent misrepresentation claim, while arising from the "same facts" as the contract claim, did not arise out of a contract. This possibility triggered the defendant's duty to defend in the underlying action.

The defendant argues two alternative grounds for affirming the trial court's decision: (1) that the policy's "personal profit" exclusion barred coverage for the underlying negligent misrepresentation claim; and (2) that the underlying action did not seek "covered damages" under the policy. These claims do not have merit.

The policy's personal profit exclusion barred coverage for "[a]ny liability based upon or attributable to an insured gaining any profit, advantage, or remuneration to which that insured is not legally entitled." The defendant argues that the allegations of the underlying complaint fall within this exclusion because "the underlying complaint specifies certain work of [Bellsite] that the [plaintiff] allegedly received for free because the [plaintiff] allegedly failed to pay for the work." The underlying complaint, however, does not allege that the plaintiff received any "profit, advantage, or remuneration" to which it was not entitled. Rather, it alleges that the plaintiff failed to honor its agreement to place its equipment on a tower contemplated by Bellsite, and Bellsite was thereby harmed. The allegations of the underlying complaint do not necessarily fall within the exclusion.

The defendant also argues that "there is no coverage under the policy for the underlying complaint's allegations because the underlying complaint does not seek covered damages under the policy." The defendant argues that the underlying complaint sought restitution and compensation for work done by Bellsite, and that

restitution and compensation do not constitute damages. The underlying complaint clearly sought money damages as compensation for its expenditures. The policy stated that the insurer was to pay "on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of a 'wrongful act' to which this insurance applies." There is no merit to this claim.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.

———————————————